NOTE CHANGES MADE BY THE COURT.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARAN EISENSTAT, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KEN'S FOODS, INC., a Massachusetts corporation,<br><br>Defendant. | Case No. 10-cv-2510 SVW PLAx<br><br>[~~PROPOSED~~] ORDER ON JOINT STIPULATION AND PROPOSED PROTECTIVE ORDER<br><br>Courtroom 6<br>The Honorable Stephen V. Wilson |

Having considered Plaintiff Aran Eisenstat ("Plaintiff") and Defendant Ken's Foods, Inc. ("Ken's Foods") Joint Stipulation and Proposed Protective Order dated May 28, 2010 (the "Proposed Protective Order") and submitted for the Court's consideration on June 18, 2010, having considered the Declaration of Nathan R. Hamler submitted with the Proposed Protective Order, and having found good cause, the Court hereby enters the Proposed Protective Order, as modified, as an order of this Court.

IT IS SO ORDERED.

Dated: __6/21/10__

Hon. ~~Stephen V. Wilson~~  PAUL L. ABRAMS
~~Judge, United States District Court~~
**U.S. MAGISTRATE JUDGE**

1

1  Daniel T. Pascucci, Esq. (SBN 166780)
   dpascucci@mintz.com
2  Nathan R. Hamler, Esq. (SBN 227765)
   nhamler@mintz.com
3  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC
   3580 Carmel Mountain Road, Suite 300
4  San Diego, CA  92130
   Telephone:   (858) 314-1500
5  Facsimile: (858) 314-1501

6  Attorneys for Defendant
   KEN'S FOODS, INC.
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | ARAN EISENSTAT, on behalf of himself and all others similarly situated, | Case No. 10-cv-2510 SVW PLAx |
|----|---|---|
| 12 | | **JOINT STIPULATION AND PROPOSED PROTECTIVE ORDER** |
| 13 | Plaintiffs, | |
| 14 | v. | *[Proposed] Order Submitted Concurrently Herewith* |
| 15 | KEN'S FOODS, INC., a Massachusetts corporation, | Courtroom 6 |
| 16 | Defendant. | The Honorable Stephen V. Wilson |
| 17 | | |

18      WHEREAS, the parties to this action could be prejudiced by the dissemination
19  of certain confidential, sensitive, and proprietary information and trade secrets, as set
20  forth herein; and
21      WHEREAS, this Proposed Order (hereinafter referred to as the "Stipulation
22  and Protective Order")  does not confer blanket protection on all disclosures and
23  discovery responses, but instead affords protection only to the information or items
24  that are entitled to confidential treatment under applicable legal principles;
25      IT IS HEREBY STIPULATED AND AGREED, by and among Plaintiff Aran
26  Eisenstat ("Plaintiff") and Defendant Ken's Foods, Inc. ("Ken's Foods") that this
27  Stipulation and Protective Order shall govern the handling of documents, responses to
28  discovery requests (including responses to interrogatories, responses to requests for

admission, responses to requests for production of documents, or other formal methods of discovery), depositions, pleadings, exhibits, and all other information exchanged by the Parties (collectively the "Discovery Material") in the above-referenced action.

### Good Cause Statement

1. Consistent with Federal Rule of Civil Procedure 26(c), good cause exists for the Court to enter this Stipulation and Protective Order with respect to the specific items identified in Paragraph 2 because any of the Parties could be prejudiced by the dissemination of such confidential, sensitive, and proprietary documents, information, and trade secrets as defined by California Civil Code §§ 3426, *et seq.*

### Designation of Discovery Materials as "CONFIDENTIAL"

2. The Parties shall have the right to designate as "CONFIDENTIAL" and subject to this Stipulation and Protective Order the following categories of information and Discovery Material:

    (a) Agreements with third parties that contain confidentiality provisions restricting the disclosure of such agreements and their terms and conditions;

    (b) Other documents that are subject to a pre-existing confidentiality and/or privacy agreement, the terms of which would be violated by production of the documents absent a protective order;

    (c) Proprietary and confidential business plans and financial information that is not accessible or known to the general public;

    (d) Other types of proprietary and confidential trade secrets such as customer lists and cost and pricing information that is not publicly available and that competitors could utilize to their competitive advantage; and

    (e)    Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

3. The Parties may apply to the Court for modification of this Stipulation and Protective Order to include additional categories of information in accordance with Rule 26(c) of the Federal Rules of Civil Procedure.

4. The designation of Discovery Material as "CONFIDENTIAL" shall be made by stamping each page of the document containing such information with the legend "CONFIDENTIAL" prior to its production, or by any other method agreed to in writing by counsel for the Parties.

5. In the case of information or Discovery Material produced by third parties, any Party hereto shall have the right to designate such information or Discovery Material as "CONFIDENTIAL" in the event such information or Discovery Material contains confidential information of the designating Party. The Party shall have the right to designate such information or Discovery Material as "CONFIDENTIAL" by notifying the other parties of such designation either prior to or within twenty (20) days after the production of such Materials by the third party. All Parties hereto shall thereafter treat such materials as "CONFIDENTIAL" in accordance with the notice of designation.

6. Any notes, summaries, compilations, copies, <u>information produced in some form other than documentary, or any other tangible items</u> containing "CONFIDENTIAL" information or electronic images or databases containing "CONFIDENTIAL" information shall be subject to the terms of this Stipulation and Protective Order to the same extent as the material or information from which such notes, summaries, compilations, copies, electronic images, or databases is made or derived. For "CONFIDENTIAL" information contained in an electronic or non-documentary form, the producing Party shall affix in a prominent place on the exterior of the

container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the producing Party, to the extent practicable, shall identify the protected portions.

7. Inadvertent failure to designate any information as "CONFIDENTIAL" pursuant to this Stipulation and Protective Order shall not, standing alone, constitute a waiver of any otherwise valid claim for protection if timely corrected.

8. The inadvertent disclosure or production of any privileged attorney-client material in connection with this action shall not be presumptively deemed a waiver of that privilege, or preclude reliance on that privilege, with respect to that information, provided that the producing Party notifies the receiving Party in writing promptly after discovery of such inadvertent disclosure or production. If a Party ascertains that it may have privileged attorney-client material that was inadvertently produced by another, the Party receiving such material shall refrain from examining the material any more than is essential to ascertain if the material is privileged and shall immediately notify the sender that it possesses material that appears to be privileged. No further disclosure or use shall be made of material that a Party ascertains or is notified may be inadvertently produced attorney-client materials other than to challenge the proprietary of the asserted privilege and, absent a timely challenge, such material shall be returned promptly to the producing Party.

9. This Stipulation and Protective Order is not intended to prohibit the use or admissibility of "CONFIDENTIAL" information upon trial of this case. Issues involving the protection of "CONFIDENTIAL" information and Discovery Material during trial will be presented to the Court prior to or during trial as each party deems appropriate.

### Materials Provided for Inspection

10. With respect to all information and Discovery Material provided for inspection by a Party's counsel, designation by stamping or labeling as

"CONFIDENTIAL" need not be made until copies of the information or Discovery Material are requested after inspection and selection by counsel. Making documents or any other information or Discovery Material available for inspection shall not constitute a waiver of any claim of confidentiality, and all information and Discovery Material provided for inspection by a Party's counsel shall be treated as though designated as "CONFIDENTIAL" at the time of the inspection.

**Limitation on Use of Designated Information**

11.   Each Party and all persons bound by the terms of this Stipulation and Protective Order shall use any information or Discovery Material designated as "CONFIDENTIAL" as governed by this Stipulation and Protective Order only for the purpose of the prosecution or defense of the claims asserted in this action. No Party or other person shall use, disclose, or release any such information or Discovery Material governed by this Stipulation and Protective Order for any purpose other than the prosecution or defense of said claims.  The attorneys of record for the Parties and other persons receiving such information governed by this Stipulation and Protective Order shall take all reasonable steps to ensure that such information and Discovery Material governed by this Stipulation and Protective Order are (i) used only for the purposes specified herein; and (ii) disclosed only to authorized persons. Nothing herein shall be construed to limit in any way any Party's use of its own information.

**Restrictions on Disclosure of Materials Designated "CONFIDENTIAL"**

12.   Except as otherwise provided by written stipulation of the Parties or by order of the Court, information and Discovery Material designated "CONFIDENTIAL" shall not be disclosed to or discussed with any person except:

    (a)   the Parties and their parents, subsidiaries, and affiliates, including their present and former officers, directors, partners, or employees, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

    (b)   the Parties' attorneys of record in this action, the partners, members,

5

1 associates, and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

(c) in-house counsel to the Parties and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

(d) the Court and court personnel, deposition officers, court reporters, and videographers used in connection with this litigation;

(e) employees of outside copying, printing, binding, or computer input services;

(f) subject to Paragraph 13, persons who have been retained by any Party (or by its attorneys of record) for the purpose of assisting in this action, such as outside consultants or experts, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

(g) subject to Paragraph 13, deposition witnesses, but only for the purposes of this litigation and only (i) at deposition and only to the extent reasonably necessary and (ii) to prepare a witness for deposition and only to the extent reasonably necessary and only when, in good faith, counsel for the witness believes that there is a reasonable likelihood that the witness will be shown the Discovery Material(s) designated "CONFIDENTIAL" at deposition, and deposition witnesses shall not be entitled to retain copies of such Discovery Material(s); and

(h) subject to Paragraph 13, such other persons as the Parties may agree or may be ordered by the Court.

///
///
///

### Certification of Persons to Whom Discovery Materials are Disclosed

13. Prior to disclosure of any Discovery Materials designated "CONFIDENTIAL" to any person described in paragraphs 12(a) (with respect to former officers, directors, partners, or employees only), or 12(f)-(h) hereof, such person shall be given a copy of this Stipulation and Protective Order and shall sign a certification in the form of Exhibit A attached hereto. Such signed and completed certification shall be retained by the attorneys of record for the disclosing Party. The Party securing such certification shall take reasonable steps to ensure that such persons signing such certifications observe the terms of this Stipulation and Protective Order.

### Designation of Deposition Transcripts

14. Deposition transcripts, or portions thereof, may be designated as subject to this Stipulation and Protective Order either (i) at the time of such deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" by the reporter, as the designating Party may direct; or (ii) within fourteen (14) days following receipt of the deposition transcript by providing written notice to the reporter and all counsel of record for the Parties, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the designating Party. All deposition transcripts shall be treated as "CONFIDENTIAL" until the expiration of this 14-day period unless a different period of time is agreed to between the parties.

### Disclosure of Discovery Materials Designated as "CONFIDENTIAL" to the Court

15. All Discovery Materials designated as "CONFIDENTIAL" submitted to the Court for consideration in relation to a motion shall be lodged under seal, in compliance with the Federal Rules of Civil Procedure and the Local Rules. Concurrent with the lodging of such documents under seal, the Party so lodging shall

1  also file a memorandum of law seeking permission to file the documents under seal
2  and a proposed order. Prior to filing such Discovery Materials, the Party desiring to
3  file such Discovery Materials may request that the designating Party agree that such
4  materials be dedesignated as "CONFIDENTIAL" and the designating Party shall in
5  good faith agree to such dedesignation if such materials may be filed without being
6  lodged under seal.

### Disclosure to Author or Recipient

8  16.    Notwithstanding any other provisions of this Stipulation and Protective
9  Order, nothing herein shall prohibit counsel for a Party from disclosing information
10 or Discovery Material to any person whom the particular item of information or
11 Discovery Material clearly identifies as an author, addressee, or copy recipient of the
12 particular item of Discovery Material; and, regardless of designation pursuant to this
13 Stipulation and Protective Order, if a document or testimony makes reference to the
14 actual or alleged conduct or statements of a person who is a potential witness, counsel
15 may discuss such conduct or statements with such witness without revealing any
16 portion of the information or Discovery Material other than that which specifically
17 refers to such conduct or statements, and such discussion shall not constitute
18 disclosure within the terms of this Stipulation and Protective Order.

### Disclosure Pursuant to Subpoena or Other Compulsory Process

20 17.    If a receiving Party receives a subpoena or other compulsory process
21 commanding the production of information or Discovery Material designated as
22 "CONFIDENTIAL," that Party shall promptly notify the designating Party. The
23 Party receiving the subpoena or compulsory process shall not produce any such
24 information or Discovery Material in response to the subpoena without providing the
25 designating Party reasonable notice so that Party can object to the disclosure if it
26 chooses. The Party receiving the subpoena or other compulsory process shall not
27 object to the designating Party having a reasonable opportunity to appear in the
28 litigation or process seeking disclosure of information or Discovery Material

designated as "CONFIDENTIAL" for the sole purpose of seeking to prevent or restrict disclosure thereof.

### Additional Protections

18. This Stipulation and Protective Order shall not preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as they may consider appropriate.

### Challenge to Confidentiality Designation

19. This Stipulation and Protective Order shall not preclude any Party from (i) claiming that any matter designated hereunder is not entitled to the protections of this Stipulation and Protective Order; (ii) applying to the Court for an order permitting the disclosure or use of information or documents otherwise prohibited by this Stipulation and Protective Order; or (iii) applying for an order modifying this Stipulation and Protective Order in any respect.

20. No Party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

21. If a Party seeks removal of the designation "CONFIDENTIAL" from a particular item or items of information or Discovery Materials previously designated as such pursuant to this Stipulation and Protective Order, or any other issue arises concerning designation or disclosure of confidential material, the Parties shall comply with the procedures set out in the Local Rules for resolving such a dispute, including, without limitation, Local Rules 37-1 through 37-4. If the designating Party desires that the Local Rule 37 Joint Stipulation be filed under seal, the parties may either stipulate to such filing, or the designating Party may file an ex parte application seeking to have the Joint Stipulation filed under seal.

### Prior Public Knowledge

22. This Stipulation and Protective Order shall not apply to any information or Discovery Material that, prior to disclosure, is public information or

knowledge, and the restrictions contained in this Stipulation and Protective Order shall not apply to information and Discovery Material that are, or after disclosure become, public knowledge other than by an act or omission of the Party or others subject to this Stipulation and Protective Order to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Stipulation and Protective Order.

### Return of Designated Information

23. Upon final disposition or resolution of this Action, upon written request by a designating Party within sixty (60) days after such final disposition or resolution, each Party shall either (i) assemble and return all information and Discovery Material designated "CONFIDENTIAL," including all copies, to the Party from whom the designated material was obtained or (ii) destroy all such information and Discovery Materials, at the option of the Party in possession thereof.

24. Notwithstanding the foregoing, outside counsel of record for each Party may retain for its archives (i) one full set of copies of all pleadings, affidavits, declarations, briefs, memoranda, expert reports, and exhibits and other papers filed in this Action; (ii) one set of transcripts of all testimony taken at any depositions, hearings or trial (with exhibits); and (iii) all of its own work product generated in connection with this Action.

25. Any such materials that are not returned or destroyed shall remain subject to this Stipulation and Protective Order, and the Court shall retain jurisdiction to ensure that the terms hereof are not violated.

### Modification, Waiver or Termination of Stipulation and Order

26. No part of the restrictions imposed by this Stipulation and Protective Order may be modified, waived, or terminated, except by the written stipulation executed by counsel of record for each Party, or by an Order of the Court for good cause shown.

///

### Third Party Discovery

27. Discovery obtained from any third party in response to any subpoena shall be protected in accordance with this Stipulation and Protective Order if such third party requests such protection and complies with the provisions hereof.

### Documents and Information Exchanged For Purposes of Mediation or Settlement Negotiations

28. In addition to CONFIDENTIAL information or documents produced in response to discovery in this Action, the Parties may also informally exchange documents or information for purposes of attempting to negotiate a settlement of this Action and/or mediation of this Action. A Party may mark any such document(s) or information provided for this purpose as "CONFIDENTIAL – PRODUCED FOR MEDIATION PURPOSES ONLY." The Parties agree that, in addition to such document(s) or information being afforded the protection of information designated as CONFIDENTIAL under this Stipulation and Protective Order, documents or information designated as "CONFIDENTIAL – PRODUCED FOR MEDIATION PURPOSES ONLY" shall be used by the receiving Party **only** for the purposes of settlement discussions and/or mediation of this dispute, and for no other purpose. In addition, if such settlement negotiations or mediation are unsuccessful, at the request of the producing Party, the receiving Party shall destroy, delete or return all copies of documents or information in their possession that have been designated as "CONFIDENTIAL – PRODUCED FOR MEDIATION PURPOSES ONLY."

### Treatment of CONFIDENTIAL Information Pending Court Approval of Stipulation and Protective Order

29. Upon execution of this Stipulation and Protective Order by the Parties, the Parties shall promptly submit this Stipulation and Protective Order to the Court for approval and entry by the Court. The Parties agree that, pending such approval, all documents and information designated in accordance with this Stipulation and Protective Order shall be treated as if this Stipulation and Protective Order is in full

force and effect. Further, in the event that the Stipulation and Protective Order is not approved by the Court or modified in any way, the Parties agree that they will handle and treat all information designated as CONFIDENTIAL or CONFIDENTIAL – PRODUCED FOR MEDIATION PURPOSES ONLY under this Stipulation and Protective Order as provided in this Stipulation and Protective Order until such time as the Parties agree otherwise in writing.

### Headings

30.  The headings in this Stipulation and Protective Order are for convenience only and are not intended to affect or alter the text of the paragraphs or the substance of this Stipulation and Order.

Dated: May 28, 2010　　　MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC

By /s/Nathan R. Hamler
　　Daniel T. Pascucci, Esq.
　　Nathan R. Hamler, Esq.

　　Attorneys for Defendant
　　KEN'S FOODS, INC.

Dated: May 28, 2010　　　BRAUN LAW GROUP, P.C.

By /s/Michael D. Braun
　　Michael D. Braun, Esq.

　　Attorneys for Plaintiff
　　ARAN EISENSTAT

Dated: May 28, 2010　　　STEMBER FEINSTEIN DOYLE & PAYNE

By /s/Joseph N. Kravec
　　Joseph N. Kravec, Jr., Esq.
　　Ellen M. Doyle, Esq.

　　Attorneys for Plaintiff
　　ARAN EISENSTAT

Dated: May 28, 2010

LAW OFFICES OF JANET LINDER SPIELBERG

By /s/Janet Linder Spielberg
    Janet Lindner Spielberg, Esq.

Attorneys for Plaintiff
ARAN EISENSTAT

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| ARAN EISENSTAT, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KEN'S FOODS, INC., a Massachusetts corporation,<br><br>Defendant. | Case No. 10-cv-2510 SVW PLAx<br><br>**CERTIFICATION OF AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**<br><br>Courtroom 6<br>The Honorable Stephen V. Wilson |

1.   I have received a copy of the Stipulation and Protective Order (the "Order") entered by the United States District Court for the Central District of California (the "Court") in the above-referenced action. I have carefully read and understand all of the provisions of the Order.

2.   I agree to be bound by all of the provisions of the Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for purposes of this action, any information designated as "CONFIDENTIAL" which I receive in this action.

3.   I understand that a violation of the Order is punishable by contempt of Court, and I hereby consent to the jurisdiction of the Court for the purpose of enforcing the terms and restrictions of the Order.

Name (print)   _____

Address   _____

_____

Signature   _____

Date   _____

4931692v.2

1